MARY C. ALDRICH, HELEN B. KING, HARRIET N.
    BROWN, HENRY S. SWINTON, CHARLES E. S.
    SWINTON, HELEN M. SEAL, DOUGLAS K.
    BROWN, and NORMAN BROWN by WILLIAM C.
    KING, their next friend, *v.* PRISCILLA E. HASSIN-
    GER, HENRIETTA E. ROSS and ANNIE H. TUR-
    TON.

MARY C. ALDRICH, HELEN B. KING, and NORMAN
    BROWN, a minor, by WILLIAM C. KING, his next
    friend, *v.* PRISCILLA E. HASSINGER, HENRIETTA
    E. ROSS, ANNIE H. TURTON, HENRY S. SWIN-
    TON, CHARLES E. S. SWINTON, HELEN M. SEAL
    and DOUGLAS K. BROWN.

MOTION FOR REARGUMENT.

SUBMITTED APRIL 5, 1899.          DECIDED MAY 1, 1899.

JUDD, C.J., WHITING, J., AND R. D. SILLIMAN, ESQ., OF THE BAR,
        IN PLACE OF FREAR, J., ABSENT.

Where a bill of revivor states facts showing that a party plaintiff
    who was a minor at the institution of the original suit has attained
    his majority and the answer shows that such minor claims rights
    adverse to the other plaintiffs, he may have his name stricken
    from the record as a party plaintiff in the original suit.

Although as a general rule a bill of revivor puts in issue only the ques-
    tion of who the heirs or representatives of the deceased party are,
    and no new matter on the merits of the original suit should be set
    forth in the answer nor relief, which goes to the merits of the

original suit prayed for, yet where such answer shows that the party filing it has interests adverse to those of the other plaintiffs such matter may then be material in determining whether or not such defendant in the bill of revivor is entitled to have his name stricken from the records as a party plaintiff in the original suit.

Where it appears from the whole record that a party having such adverse interests to the other parties plaintiff has had his name stricken from the record as a party plaintiff by this court on an appeal from a decree on the merits of such original suit, and has thereafter. when again brought before the court on other proceedings, sought to contest the claim of the other parties plaintiff, he is entitled to have his day in court on such adverse claim.

OPINION OF THE COURT BY R. D. SILLIMAN, ESQ.

This is an application for reargument of the decision reported on page 682, Vol. 11 Haw. R.

The grounds of the motion are that the decision embraces points that were not argued by counsel, determines a matter not in issue between the parties and not before the circuit court below nor before this court on appeal.

There were two appeals of Douglas K. Brown before this court at the time of the hearing of October 17th, 1898, one entitled as the first above, being an appeal from a pro forma decree, dismissing the bill of the plaintiffs, the other entitled as the second above, being an appeal from a decision and decree of the first judge of the circuit court, striking certain matter from the answer of said Douglas K. Brown to plaintiff's amended bill of revivor and ordering that the original suit, commenced on November 10th, 1891, by Mary C. Aldrich, Helen B. King, Harriet N. Brown, Henry S. Swinton, Charles E. S. Swinton, Helen M. Seal, Douglas K. Brown and Norman Brown by William C. King, their next friend, *v.* James Smith be revived against Priscilla E. Hassinger, Henrietta E. Ross and Annie H. Turton as substituted defendants and do stand in the same plight and condition as at the time of the death of said W. James Smith.

The second appeal only was argued and submitted at the hearing of October 17th and the matters decided were raised only by that appeal. There is therefore an error in the title to the decision reported on page 682 of Vol. 11 Haw. R. The title of that decision should be as the second title above.

At the time the original suit was commenced Douglas K. Brown, then a minor, was made a party plaintiff by William C. King, his next friend. On May 15th, 1897, a bill of revivor was filed setting forth that the defendant in the original suit, W. James Smith, died in Honolulu, March 22, 1896, that Priscilla E. Hassinger, Henrietta E. Ross and Annie H. Turton were the heirs at law of said W. James Smith, and asking that the original suit be revived against them. This bill of revivor was signed by William C. King alone and no decree was made reviving the suit but the suit was proceeded with on the merits as though properly revived, and a decree on the merits was made and entered in favor of the plaintiffs. From this decree the defendants appealed to this court.

Douglas K. Brown, who had been made a party plaintiff by next friend, filed a motion stating that he was no longer a minor and asking leave to enter his appearance in his own behalf and at the same time filed a plea asking that his name be stricken from the record as plaintiff. An answer to this plea was filed setting up laches of said Brown and other matters. After argument it was decided that Douglas K. Brown's name should be stricken from the record as a party plaintiff that the decree appealed from should be vacated, and the bill remanded to a judge of the circuit court for such amendments as plaintiffs might be advised to make and such further proceedings as might be necessary. Thereupon the plaintiffs in the second above entitled cause filed an amended bill of revivor setting forth the same facts as the original bill of revivor and also in addition other facts immaterial, upon the inquiry as to who were the heirs at law of W. James Smith but showing changes in the status of several of the plaintiffs since the original bill was filed. Among other things it was alleged that Douglas K. Brown had

become of age since the filing of the original bill and declined to join in said amended bill of revivor. The bill prayed that the suit be revived and for general relief. Douglas K. Brown filed an answer to the amended bill of revivor admitting certain allegations thereof and setting forth facts that clearly showed his adverse interests to the other parties plaintiff to the original suit, and asking for relief adverse to the interests of such other plaintiffs and also adding a prayer for such general relief as the case might require.

We are of the opinion that it is apparent from the record before us that Douglas K. Brown was wrongly made a party plaintiff in the original suit as revived, that the conclusion arrived at on the former hearing it within the issues raised by the pleadings then before us, and as the only question argued upon the former hearing was whether said Douglas K. Brown was properly made such party plaintiff, the motion for a reargument is denied.

*Kinney, Ballou & McClanahan* for the motion.
*J. T. DeBolt, contra.*